IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| DUKE ENERGY CAROLINAS, LLC, <br><br> PLAINTIFF, <br><br> v. <br><br> FRANK DELORENZO, <br><br> DEFENDANT. | C.A. No.: <br><br> **COMPLAINT** <br> **(NON-JURY)** |

Plaintiff, Duke Energy Carolinas, LLC ("Plaintiff" or "Duke Energy"), complaining of Defendant, Frank DeLorenzo ("Defendant"), alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for trespass and other relief arising from Defendant's unauthorized mooring of a houseboat (with an additional vessel attached to the houseboat and an aluminum ramp) ("Unauthorized Mooring") and unauthorized excavation, including, but not limited to, the creation of a channel within the Project Boundary and the addition of rip rap to the shoreline under the aluminum ramp ("Unauthorized Excavation") within the Project Boundary of Lake Norman adjacent to Lot 17 on Ina Lane, Sherrills Ford, NC 28673. Lake Norman is part of the Catawba-Wateree Hydroelectric Project ("Project"), which is owned and operated by Duke Energy under license from the Federal Energy Regulatory Commission ("FERC"). In connection with the Project, FERC approved the Catawba-Wateree Shoreline Management Plan ("SMP"), which applies to the reservoir of Lake Norman ("Lake Norman Reservoir"). As licensee and operator of the Project, Duke Energy must enforce any violations of the SMP, including the violations of Unauthorized Mooring and Unauthorized Excavation. The Unauthorized Mooring and

Unauthorized Excavation are taking place on Duke Energy's property without the permission or consent of Duke Energy and are in violation of Duke Energy's rights. Duke Energy has notified Defendant on multiple occasions of these violations, but Defendant has failed and refused to cease the Unauthorized Mooring and to remedy the Unauthorized Excavation by restoring the Project Boundary. Duke Energy requests that the Court declare the parties' respective obligations under the provisions of the federally mandated SMP and Catawba-Wateree Shoreline Management Guidelines ("SMG") approved by FERC for the Project. Pursuant to its equitable powers, Duke Energy requests that the Court order that Defendant cease the Unauthorized Mooring and to remedy the Unauthorized Excavation by restoring the Project Boundary at Defendant's sole expense and in full compliance with federal and state law. Duke Energy also asserts a claim for trespass.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the Federal Power Act, 16 U.S.C. § 791a, *et seq.* ("FPA") and other applicable federal laws and regulations pertaining to Duke Energy's application and enforcement of the SMP and the SMG.

3. This Court also has jurisdiction over any state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), in that the relevant portions of the Project at issue, the Unauthorized Mooring, and the Unauthorized Excavation, are situated in this District.

## PARTIES

5. Duke Energy is a limited liability company duly organized and existing under the laws of the State of North Carolina and has its principal place of business located in North Carolina. Duke Energy does business in Catawba County, North Carolina.

6. Duke Energy is informed and believes and, thereupon, alleges that Defendant is a citizen and resident of Catawba County, North Carolina; Defendant owns the houseboat and the additional vessel attached to the houseboat that are the subject of the Unauthorized Mooring (the "Houseboat") on Duke Energy's property in Catawba County, North Carolina; and Defendant conducted the Unauthorized Excavation on Duke Energy's property in Catawba County, North Carolina.

## FACTS

7. Duke Energy owns the Lake Norman Reservoir, which is located, in part, in Catawba County, North Carolina. The Lake Norman Reservoir is part of the Project located in North Carolina, including in Catawba County, and in South Carolina. The Project is comprised of multiple hydropower stations and reservoirs providing clean, economical, and renewable power. Lake Norman is the largest of the Project's eleven reservoirs and it provides over 38% of the total usable water storage in the Project. Approximately 23% of Duke Energy's installed electric generating capacity in the Carolinas relies on the Project's water storage. Also, approximately 2 million people get their drinking water from that same 11-lake system.

8. Pursuant to the authority granted to it by the FPA, FERC issued a license to Duke Energy to operate and maintain the Project. As required by FERC, and in order to fully, fairly, and consistently discharge its responsibilities as licensee, Duke Energy developed the SMP and SMG. The primary goal of the SMP is to provide for public and private access to Project lands and waters

while appropriately managing the Project's natural and cultural resources and protecting the Project's primary function of electricity production, while also maintaining compliance with the Project license issued by FERC. The provisions of the SMG include detailed procedures and criteria to regulate activities within Project reservoirs owned and managed by Duke Energy.

9. Article 409 of Duke Energy's FERC license provides, in part, that Duke Energy "must implement the [SMP] approved by [FERC] on October 15, 2003 . . . and amended under the prior license."

10. Duke Energy is informed and believes and, thereupon, alleges that Defendant is the owner of the Houseboat which is moored within the Project Boundary[1] adjacent to Lot 17 on Ina Lane, Sherrills Ford, NC 28673, a community access lot, without the permission or consent of Duke Energy. True and accurate copies of photographs of the Unauthorized Mooring, dated June 2025 and August 20, 2025, are attached hereto as **Exhibit A.**

11. Duke Energy Lake Services ("DELS") communicated with Defendant regarding the Unauthorized Mooring of the Houseboat in an unauthorized location within the Project Boundary of Lake Norman and informed Defendant that boats and other watercraft must be moored at an approved structure or mooring location on Lake Norman.

12. Duke Energy is informed and believes and, thereupon, alleges that the Houseboat is habitable by Defendant, who has slept overnight on the boat for two or more consecutive nights, has stayed on, around, or within the Houseboat for periods exceeding 24 continuous hours, and/or

---

[1] The Project Boundary is defined in the SMP as "the area within the Normal Full Pond Elevation of the Project reservoirs and the lands immediately surrounding the dams, powerhouses, and Project Recreation Sites." *SMP*, at p. 2. The Normal Full Pond Elevation of Lake Norman Reservoir is 760.0 feet (AMSL). Id.

has hardwired electrical power or hard piping plumbing to the boat. See Appendix C, Section 4(B)(19)(a)-(c).

13. The Unauthorized Mooring within the Project Boundary is in violation of the SMP, including Appendix C, Section 4(B)(19) (permanent mooring for houseboats or "[w]atercraft used for habitation . . . must be at marinas that provide pump-out facilities for marine sanitation devices") and Appendix C, Section 7(B)(17) ("Lake Uses That Are Not Authorized" includes "Any other use that is determined to be unacceptable by Duke Energy, in its sole discretion.").

14. Duke Energy is informed and believes and, thereupon, alleges that Defendant conducted Unauthorized Excavation in the Project Boundary to create a channel within the Project Boundary adjacent to Lot 17 that enabled the Unauthorized Mooring. True and accurate copies of photographs of the Unauthorized Excavation, dated June 2025 and August 20, 2025, are attached hereto as **Exhibit A.**

15. DELS previously communicated to Defendant the need to restore the Project Boundary damaged by the Unauthorized Excavation, including by submitting a plan to DELS showing how Defendant planned to restore the Project Boundary to pre-violation condition, detailing methods for completing the restoration activities, the timeline for completing this work, and how the project will prevent sediment or other materials from discharging to the lake.

16. The Unauthorized Excavation is in violation of multiple provisions in the SMP, including, but not limited to, Appendix C, Section 3, setting forth the Excavation Programmatic Agreement. The Excavation Programmatic Agreement establishes guidance for obtaining authorization of the removal of soil, sand, silt, or rock materials from within the Project Boundary and ensures compliance with federal, state, and local regulations, including those of FERC. The Unauthorized Excavation was not conducted in compliance with the provisions of the SMP,

including the Excavation Programmatic Agreement requiring that all parties "desiring to excavate within the Project Boundaries must first contact [DELS] and obtain written authorization <u>prior</u> to beginning work." See Appendix C, Section 3(A).

17. Duke Energy formally notified Defendant in writing in a letter dated July 29, 2025, and attached hereto as **Exhibit B**, that the Unauthorized Mooring and the Unauthorized Excavation violate the SMP and therefore must be remedied.

18. Defendant has violated the SMP and SMG and is trespassing upon real property owned by Duke Energy under federal mandate by failing and refusing to cease the Unauthorized Mooring and restore the Project Boundary damaged by the Unauthorized Excavation, which are violations that pose potential hazards to safety, navigation, and public health within the Project's lands and waters.

19. In spite of Duke Energy's attempts to work with Defendant to resolve the issue, Defendant has failed and refused to respond or comply.

**FOR A FIRST CAUSE OF ACTION**
**(Declaratory Judgment)**

20. The allegations contained in Paragraphs 1 through 19 of the Complaint are incorporated herein by reference.

21. This cause of action seeks a declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 et. seq., for the purpose of determining questions of actual controversy between the parties as more fully described below.

22. There is an actual controversy between Defendant and Duke Energy regarding Duke Energy's authority to apply and enforce, as well as Duke Energy's application and enforcement of, the SMP and the SMG as set forth in detail in this Complaint. Duke Energy requests that the Court affirm Duke Energy's authority to apply and enforce the SMP and the SMG

and to further construe the provisions of the SMP and the SMG to declare the rights and responsibilities of the parties concerning the Unauthorized Mooring and the Unauthorized Excavation within the Project Boundary of the Lake Norman Reservoir.

23. It is specifically requested that this Court declare that Duke Energy has full authority to apply and enforce the provisions of the SMP and the SMG.[2]

24. It is further specifically requested that this Court declare that the provisions of the SMP and the SMG indicate that Defendants' Unauthorized Mooring and Unauthorized Excavation within the Project Boundary is in violation of the SMP and SMG.

25. Duke Energy further seeks an order of the Court requiring Defendant (1) to immediately remove the Unauthorized Mooring from Duke Energy's property within the Project Boundary, and (2) to restore the Project Boundary in order to remedy the Unauthorized Excavation, which actions must be conducted in a manner that is consistent with state and federal law (including, but not limited to, all regulations and application requirements of the U.S. Army Corps of Engineers and Duke Energy's related guidelines and procedures), or, if Defendant fails to do so, providing that Duke Energy may, in its discretion, either seek to enforce such an order in contempt, or that Duke Energy, and any and all other persons acting on its behalf, shall have the right to remove the Unauthorized Mooring from Duke Energy's property within the Project Boundary and to remedy the Unauthorized Excavation at any time thereafter, and without prior

---

[2] This request is consistent with the judgment in *Douglas P. Ehmann v. Duke Energy Carolinas, LLC*, 3:19-cv-00311-RJC-DSC, set forth in U.S. District Court for the Western District of North Carolina Judge Robert J. Conrad, Jr.'s Order Granting Defendant's Motion to Alter or Amend and Motion for Summary Judgment, at 22 (granting Duke Energy's Motions and holding "Duke Energy may take whatever action it deems appropriate consistent with the [SMP] and [SMG] to have [the unauthorized dock] removed"), attached hereto as **Exhibit C**.

notice to Defendant, or further action of the Court, disposing of the Houseboat as it sees fit in its sole discretion.

26. Duke Energy, therefore, is entitled to a declaratory judgment of the parties' respective obligations under the provisions of the SMP and the SMG, as set forth above.

**FOR A SECOND CAUSE OF ACTION**
**(Trespass)**

27. The allegations contained in Paragraphs 1 through 26 of the Complaint are incorporated herein by reference.

28. Duke Energy owns and manages the lands comprising the Project, including the Lake Norman Reservoir located partly in Catawba County, North Carolina.

29. Defendant has encroached upon and damaged the lands and waters owned or controlled by Duke Energy through both the Unauthorized Mooring and Unauthorized Excavation of the Project Boundary.

30. Defendant engaged in the Unauthorized Mooring and Unauthorized Excavation on Duke Energy's property without Duke Energy's permission and, despite notice to remedy these violations from Duke Energy, refused to cease the Unauthorized Mooring and restore the Project Boundary damaged by the Unauthorized Excavation.

31. As a result of the foregoing conduct of Defendant and the existence and location of the Unauthorized Mooring and Unauthorized Excavation, which Defendant has voluntarily allowed to trespass upon Duke Energy's property within the Project Boundary, Duke Energy's rights have been, and will be, impaired and abridged by the conduct of Defendant and the presence of the Unauthorized Mooring and the Unauthorized Excavation. The location of the Unauthorized Mooring and Unauthorized Excavation constitutes an interference with the use and enjoyment of

the Duke Energy property within the Project Boundary by Duke Energy and also interferes with Duke Energy's title to the Duke Energy property within the Project Boundary.

33. Despite repeated demands and attempts to work with Defendant to resolve the issue, Defendant has refused and failed to cease the Unauthorized Mooring and restore the Project Boundary damaged by the Unauthorized Excavation.

33. Defendant's Unauthorized Mooring and Unauthorized Excavation on Duke Energy's property are a trespass each day they remain and constitute a distinct wrong.

34. Defendant, therefore, has trespassed and continues to trespass on Duke Energy's property.

35. As a direct and proximate result of Defendant's trespass on Duke Energy's property, Duke Energy has suffered and continues to suffer damages.

36. As a result of the foregoing, Duke Energy is entitled to all damages sustained by it related to Defendant's Unauthorized Mooring trespassing upon Duke Energy's property within the Project Boundary, including all costs of removal to the extent that Duke Energy incurs the same in the event that Defendant fails to remove the same, as such relief is sought elsewhere in this Complaint.

37. Duke Energy is also entitled to all damages sustained by it as a result of Defendant's Unauthorized Excavation trespassing upon the Duke Energy property within the Project Boundary, including all costs to restore the Project Boundary damaged by the Unauthorized Excavation to its pre-violation state.

38. Because Defendant's trespasses are willful, wanton, reckless, and intentional, Duke Energy is also entitled to punitive damages.

**FOR A THIRD CAUSE OF ACTION**
**(Equitable Relief)**

Page 9 of 12

Case 5:25-cv-00146-KDB-SCR     Document 1     Filed 09/12/25     Page 9 of 12

39. The allegations contained in Paragraphs 1 through 38 of the Complaint are incorporated herein by reference.

40. Duke Energy is immediately and irreparably harmed by the Defendant's Unauthorized Mooring and Unauthorized Excavation within the Project Boundary. Duke Energy has no adequate remedy at law.

41. Accordingly, Duke Energy is entitled, pursuant to Rule 65 of the North Carolina Rules of Civil Procedure, to the entry of an order for permanent injunctive relief requiring Defendant (1) to immediately remove the Unauthorized Mooring from Duke Energy's property within the Project Boundary, and (2) to restore the Project Boundary in order to remedy the Unauthorized Excavation, which actions must be conducted in a manner that is consistent with state and federal law (including, but not limited to, all regulations and application requirements of the U.S. Army Corps of Engineers and Duke Energy's related guidelines and procedures).

**WHEREFORE**, Plaintiff, Duke Energy Carolinas, LLC, prays that the Court rule and enter judgment against Defendant as follows:

1. Judgment on its claims against Defendant;

2. Entry of an order in favor of Duke Energy, and against Defendant, requiring Defendant, within fifteen (15) days of said order, (1) to immediately remove the Unauthorized Mooring from Duke Energy's property within the Project Boundary, and (2) to restore the Project Boundary in order to remedy the Unauthorized Excavation in full compliance with state and federal law (including, but not limited to, all regulations and application requirements of the U.S. Army Corps of Engineers and Duke Energy's related guidelines and procedures);

3. If Defendant fails to remove the Unauthorized Mooring and to restore the Project Boundary in order to remedy the Unauthorized Excavation within fifteen (15) days of the Court's

order, entry of an order in favor of Duke Energy, and against Defendant, granting permission for Duke Energy, and any and all other persons acting on its behalf, to remove the Unauthorized Mooring from Duke Energy's property within the Project Boundary and to remedy the Unauthorized Excavation at any time thereafter, and without prior notice to Defendant, or further action of the Court, disposing of the Houseboat as it sees fit in its sole discretion, and awarding to Duke Energy a monetary judgment in its favor and against Defendant for all expenses incurred by Duke Energy as a result of any such removal work;

4. Entry of an order in favor of Duke Energy on its trespass claim, including for all damages, both actual and punitive, sustained by Duke Energy as a result of Defendant's Unauthorized Mooring and Unauthorized Excavation trespassing upon the Duke Energy property within the Project Boundary, including all costs of removal and restoration to the extent that Duke Energy incurs the same in the event that Defendant fails to remove the same, as such relief is sought elsewhere in this Complaint;

5. That the costs of this action be taxed against Defendant;

6. Reasonable attorneys' fees and costs to the extent allowed by contract and/or law; and

7. For such other and further relief as the Court may deem just and proper.

**[SIGNATURE PAGE FOLLOWS]**

Respectfully submitted,

**HAYNSWORTH SINKLER BOYD, P.A.**

/s/ Joshua D. Spencer
Joshua D. Spencer (NC Bar No. 50216)
jspencer@hsblawfirm.com
ONE North Main Street, 2nd Floor (29601)
P.O. Box 2048
Greenville, South Carolina 29602-2048
Phone: (864) 240-3200
Fax: (864) 240-3300

*Attorneys for Plaintiff,*
*Duke Energy Carolinas, LLC*

September 12, 2025
Greenville, South Carolina